HIMANSHU KHATRI (SBN: 348453)
KHATRI LAW
420 GARCES DR
SAN FRANCSICO, CA 94132
(415) 917-5513

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANKIT ANKIT,**<br><br>Petitioner<br><br>V.<br><br>WARDEN, Desert View Annex; Enforcement and Removal Operations **(ERO)**; U.S. Immigration and Customs Enforcement **(ICE)**; Department of Homeland Security **(DHS)**,<br><br>Respondent | ***Civil Action No.:*** |

**PETITION FOR WRIT OF HABEAS CORPUS**

**(28 U.S.C. § 2241)**

**I. INTRODUCTION**

Petitioner Ankit Ankit ("Petitioner") is a civil immigration detainee who has remained continuously confined by the Department of Homeland Security ("DHS") since April 17, 2026. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 because his continued physical detention is no longer supported by constitutionally adequate process establishing that incarceration remains necessary to serve a legitimate governmental interest.

This is not Petitioner's first habeas proceeding, and Petitioner affirmatively discloses that history. In Ankit Ankit v. Warden, No. 5:26-cv-02082-KES (C.D. Cal.), Petitioner challenged his detention following his April 17, 2026 re-detention by immigration authorities. On May 5, 2026, the District Court granted Ground One of that petition and ordered that Petitioner receive a custody hearing. An Immigration Judge conducted that hearing on May 8, 2026 and denied release. The District Court thereafter directed additional briefing concerning two separate claims addressing conditions of confinement and medical care. When no supplemental briefing was filed concerning those remaining claims, the Court dismissed the action without prejudice on June 25, 2026. The Court's dismissal order

expressly recognized that relief had already been granted on Ground One. Order Dismissing Case.pdf

The present Petition neither seeks reinstatement of those conditions-of-confinement claims nor asks this Court to sit as an appellate tribunal to reconsider the Immigration Judge's discretionary weighing of evidence on May 8. Petitioner recognizes that 8 U.S.C. § 1226(e) restricts judicial review of discretionary custody determinations and that a detainee ordinarily must pursue available administrative review before seeking federal habeas review of an adverse bond determination. See Martinez v. Clark, 36 F.4th 1219, 1227–31 (9th Cir. 2022); Leonardo v. Crawford, 646 F.3d 1157, 1160–61 (9th Cir. 2011). Petitioner did not appeal the May 8 custody determination to the Board of Immigration Appeals ("BIA"), and the ordinary period for taking such an appeal has expired. He therefore does not ask this Court to reverse that determination as though this action were an untimely administrative appeal.

Instead, this Petition concerns Petitioner's present and continuing detention. Petitioner remains incarcerated months after the May 8 proceeding without a subsequent individualized determination that physical detention remains necessary under his present circumstances. His

underlying immigration proceedings have progressed and are presently pending on appeal before the BIA.

The constitutional significance of that continued detention is compounded by the nature of the proceeding upon which the Government continues to rely. Although the Immigration Judge stated that DHS had demonstrated flight risk by clear and convincing evidence, the Immigration Judge simultaneously declared that the allocation of the burden was immaterial, reasoning that "[r]egardless of whose burden it is," detention was warranted. Continued detention rested exclusively upon flight risk—not dangerousness—and substantially upon an address discrepancy, perceived deficiencies in Petitioner's proposed sponsor, and the conclusion that Petitioner's ability to work as a commercial driver increased his capacity to abscond.

Petitioner does not ask this Court to decide those factual matters differently. He seeks prospective constitutional relief. Specifically, Petitioner asks this Court to require Respondents either to release him subject to appropriate conditions or to provide a prompt, constitutionally adequate custody determination addressing whether DHS can establish, under the applicable burden of proof and Petitioner's present circumstances, that continued physical

incarceration remains necessary because any demonstrated flight risk cannot reasonably be addressed through conditions short of detention.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Petitioner Lived in the United States Before His April 2026 Re-Detention

Petitioner is a native and citizen of India. He entered the United States near Tecate, California, on or about March 8, 2024, without inspection or admission. Immigration authorities encountered him shortly after entry and placed him in removal proceedings by issuing a Notice to Appear charging removability under 8 U.S.C. § 1182(a)(6)(A)(i).

Petitioner was thereafter released from immigration custody while his removal proceedings remained pending. He lived in the United States for approximately two years following that release and obtained a California commercial driver's license.

Petitioner's immigration records reflected changes concerning his residential address that later became a significant component of the Immigration Judge's flight-

risk determination. The Immigration Judge noted that Petitioner's commercial driver's license, issued on April 25, 2025, reflected a Fontana address while an EOIR-33 filed four days later reflected an address in Fresno. A subsequent EOIR-33 filed on March 26, 2026 identified the Fontana address. The Immigration Judge ultimately treated this discrepancy as adversely bearing upon Petitioner's reliability and compliance with immigration requirements.

**B. Petitioner Was Re-Detained on April 17, 2026 and Obtained Federal Habeas Relief**

On April 17, 2026, DHS took Petitioner into immigration custody. He has remained continuously detained since that date and is presently confined at Desert View Annex in Adelanto, California. An ICE Form I-830 issued on August 24, 2026 continues to identify April 17 as Petitioner's ICE detention date and Desert View Annex as his place of confinement. new I830(20260828-104954).pdf

On April 24, 2026, Petitioner filed a petition for writ of habeas corpus in Ankit Ankit v. Warden, No. 5:26-cv-02082-KES (C.D. Cal.). The Government subsequently informed the District Court that it was "not presenting an opposition

argument to Petitioner's request for a bond hearing at this time." Answer by DHS.pdf

On May 5, 2026, the District Court granted Ground One of the petition and ordered that Petitioner receive a bond hearing. The Immigration Court conducted that proceeding on May 8, 2026. The prior action was subsequently dismissed without prejudice after no supplemental briefing was filed concerning the remaining conditions-of-confinement claims. The present Petition does not renew those claims. The prior court itself recognized that relief had already been granted on Petitioner's custody claim. Order Dismissing Case.pdf

**C. The May 8 Custody Determination Continued Detention Based Exclusively Upon Flight Risk**

The Immigration Judge denied release on May 8, 2026. The decision did not find Petitioner dangerous. Continued detention rested upon a determination that Petitioner presented a flight risk that could not be sufficiently mitigated through bond.

Addressing the burden of proof, the Immigration Judge stated:

"The TRO is silent as to imposition of burden of proof. Regardless of whose burden it is, the Court finds DHS has demonstrated, by clear and convincing evidence, that Respondent is a flight risk such that no amount of bond could mitigate or ameliorate the risk."

The Immigration Judge relied principally upon Petitioner's manner of entry, the absence of immediate family members with lawful status, his address history, perceived deficiencies in his proposed sponsor's documentation, and his anticipated employment as a commercial driver.

With respect to Petitioner's addresses, the Immigration Judge inferred from the Fresno and Fontana records that Petitioner had made an "express misrepresentation" either to the California Department of Motor Vehicles or to the Immigration Court.

The Immigration Judge also questioned Petitioner's proposed sponsor, Jujaar Singh, because Mr. Singh had met Petitioner only once, his relationship with Petitioner principally arose through Petitioner's father, and the documentation submitted with the sponsorship proposal contained deficiencies. The Immigration Judge additionally reasoned

that Petitioner's anticipated commercial-driving employment could facilitate travel throughout the country and thereby increase his ability to abscond.

Based upon those considerations, the Immigration Judge concluded that DHS had demonstrated by clear and convincing evidence that no amount of bond could adequately mitigate Petitioner's flight risk.

Petitioner did not appeal that custody determination to the BIA. The ordinary thirty-day period for doing so has expired. This Petition does not seek belated appellate review of that decision.

**D. Petitioner's Detention Continues While His Immigration Case Is Pending Before the BIA**

Petitioner remains confined at Desert View Annex. His underlying immigration proceedings, meanwhile, have progressed and are presently pending on appeal before the BIA.

No subsequent individualized custody determination has addressed whether Petitioner's continued physical incarceration remains necessary under his present

circumstances. Petitioner's proposed sponsor remains Jujaar Singh. The deficiencies the Immigration Judge perceived in the documentation presented in May do not establish that Mr. Singh is presently unwilling or unable to provide Petitioner with a fixed residence and community support, nor do they themselves establish that continued incarceration remains necessary months later.

The Government therefore continues to deprive Petitioner of physical liberty based upon the May 8 determination without a subsequent assessment of whether incarceration remains necessary to address the sole governmental concern identified in that decision—flight risk.

**III. THE PRESENT PETITION CHALLENGES THE CONSTITUTIONAL ADEQUACY OF PETITIONER'S CONTINUING DETENTION**

Petitioner recognizes that § 1226(e) prevents a federal court from reconsidering the discretionary judgment underlying an immigration custody determination. A district court may not reweigh evidence, independently determine whether a detainee presents a flight risk, or substitute its judgment concerning the appropriate amount of bond. Martinez, 36 F.4th at 1227–31.

Section 1226(e), however, does not eliminate habeas jurisdiction over constitutional claims or questions of law concerning the process through which detention is authorized. Id. at 1228-31. The Ninth Circuit specifically distinguishes an unreviewable challenge to the discretionary result of a custody proceeding from a reviewable claim concerning the burden of proof or governing legal standard. Id.; see also Singh v. Holder, 638 F.3d 1196, 1202-05 (9th Cir. 2011).

Petitioner's claim falls on the latter side of that distinction. He does not ask this Court to determine that the Immigration Judge assigned too much weight to his address history, improperly assessed his sponsor, or incorrectly evaluated his anticipated employment. Nor does he ask the Court to set bond. He challenges whether continued physical detention is constitutionally permissible where the proceeding upon which that detention continues to rest treated the allocation of the burden of proof as immaterial and where no subsequent proceeding has determined whether incarceration remains necessary under his present circumstances.

The allocation of the burden is not an inconsequential procedural formality. A burden of proof determines which

party bears the risk of uncertainty. See Addington v. Texas, 441 U.S. 418, 423–25 (1979). That principle assumes particular importance where the Government seeks to continue depriving a person of physical liberty. Singh, 638 F.3d at 1203–05.

Here, the Immigration Judge stated that DHS had established flight risk by clear and convincing evidence but simultaneously reasoned that the result was warranted "[r]egardless of whose burden it is." Whether the proper burden was actually applied is a question concerning the governing legal standard—not an invitation for this Court to reweigh the resulting flight-risk determination. See Martinez, 36 F.4th at 1228–31.

Petitioner also acknowledges that he did not appeal the May 8 custody determination to the BIA. Section 2241, however, contains no statutory exhaustion requirement; exhaustion in this context is prudential. Leonardo, 646 F.3d at 1160; Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). Petitioner recognizes that Leonardo ordinarily requires a detainee dissatisfied with an IJ's bond determination to obtain BIA review before seeking federal habeas review. 646 F.3d at 1160–61.

This Petition does not ask the Court to excuse exhaustion so that it may perform the appellate function the BIA would have performed. Petitioner does not seek reversal of the May 8 flight-risk finding, a judicial determination that he is not a flight risk, or an order setting bond. He challenges the constitutional adequacy of his present continuing detention, months after that proceeding, without a subsequent determination that incarceration remains necessary.

The ordinary administrative appeal period has expired, Petitioner's detention continues, and dismissal to pursue an ordinary appeal that is no longer available would perpetuate the liberty deprivation challenged here. Because exhaustion under § 2241 is prudential, it may be excused in appropriate circumstances, including where administrative remedies are inadequate or requiring further exhaustion would result in irreparable injury. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Petitioner does not contend that expiration of an administrative deadline itself establishes exhaustion. Rather, the relevant circumstances are the nature of the present constitutional claim, the ongoing deprivation of physical liberty, the absence of an ordinary administrative

appeal capable of resolving that claim now, and the limited prospective relief requested. Leonardo itself recognizes that exhaustion may be excused. 646 F.3d at 1160-61.

Accordingly, neither § 1226(e) nor prudential exhaustion deprives this Court of authority to determine whether Petitioner's present physical detention rests upon constitutionally adequate process.

**IV. CONTINUED DETENTION WITHOUT CONSTITUTIONALLY ADEQUATE PROCESS VIOLATES THE FIFTH AMENDMENT**

Freedom from governmental custody lies at the core of the liberty protected by the Fifth Amendment. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Immigration detention is civil rather than punitive and must therefore remain reasonably related to the legitimate regulatory purpose asserted to justify confinement. Id.; Bell v. Wolfish, 441 U.S. 520, 535-39 (1979).

Petitioner's detention rests solely upon flight risk. The Immigration Judge did not find him dangerous. The relevant governmental interest is therefore ensuring Petitioner's appearance and compliance with the immigration process. That interest is legitimate, but it does not dispense with

constitutionally adequate procedures for determining whether physical incarceration remains necessary to serve it.

**A. Due Process Requires a Constitutionally Adequate Allocation of the Burden of Proof**

The Ninth Circuit has recognized the constitutional significance of requiring the Government to justify continued immigration detention under a heightened burden of proof. Singh, 638 F.3d at 1203–05. The burden allocates the risk of factual error and reflects the fundamental liberty interest at stake. Id.; Addington, 441 U.S. at 423–25.

The May 8 decision did not unequivocally apply that framework. Although the Immigration Judge ultimately stated that DHS had demonstrated flight risk by clear and convincing evidence, the decision expressly treated the allocation of the burden as immaterial: "Regardless of whose burden it is."

That formulation matters because the decision depended substantially upon inferences drawn from uncertain evidence. The Immigration Judge inferred an intentional

misrepresentation from differing addresses, treated deficiencies in the sponsor's documentation as undermining Petitioner's release plan, and inferred that Petitioner's anticipated commercial-driving employment increased his capacity to abscond.

Petitioner does not ask this Court to determine whether those inferences were factually correct. The constitutional issue is whether the proceeding actually placed upon the Government the risk of evidentiary uncertainty inherent in those determinations.

Martinez confirms that this distinction matters. Section 1226(e) prevents a federal court from reweighing the evidence underlying the discretionary custody determination, but constitutional claims concerning the burden of proof and governing legal framework remain reviewable. 36 F.4th at 1227–31.

**B. Continued Detention Requires a Meaningful Determination That Incarceration Remains Necessary**

Petitioner does not contend that immigration detention becomes unconstitutional after a particular number of months. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206–

13 (9th Cir. 2022). Rather, the passage of time is relevant because Petitioner's deprivation of liberty continues while the determination supporting that deprivation becomes increasingly removed from his present circumstances.

Due process requires consideration of the private interest affected, the risk of erroneous deprivation and value of additional safeguards, and the Government's interests. Mathews v. Eldridge, 424 U.S. 319, 334–35 (1976).

Each consideration supports meaningful present review here. Petitioner's interest in physical liberty is profound. The risk of error is substantial where continued detention rests upon a proceeding that expressly treated allocation of the burden as immaterial and upon circumstances evaluated months earlier. And a new custody determination imposes only a limited governmental burden while preserving DHS's ability to establish that detention remains necessary if the evidence supports that conclusion.

Because flight risk is the sole justification for confinement, whether incarceration remains necessary also implicates whether reasonable conditions can adequately secure Petitioner's appearance. Hernandez v. Sessions, 872 F.3d 976, 990–95 (9th Cir. 2017). Petitioner does not

contend that Hernandez guarantees his release or requires any particular condition. Nor does he ask this Court to select conditions or set bond.

Petitioner seeks only a constitutionally adequate determination whether DHS can establish that his continued physical detention remains necessary because any demonstrated flight risk cannot reasonably be addressed through appropriate conditions.

Martinez does not foreclose that limited claim. There, the Ninth Circuit rejected an alternatives-to-detention argument in circumstances involving continued detention based upon dangerousness. 36 F.4th at 1231–33. Petitioner has not been found dangerous. His confinement rests exclusively upon flight risk.

The ultimate custody determination therefore remains with the immigration authorities. This Court need not determine whether Petitioner is a flight risk, select conditions of release, or substitute its judgment for the agency's. It need only require that the continuing deprivation of Petitioner's physical liberty rest upon constitutionally adequate process establishing that incarceration remains necessary today.

**V. PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Assume jurisdiction over this action and issue the writ of habeas corpus;

2. Declare that Respondents may not continue Petitioner's civil immigration detention without constitutionally adequate process establishing that continued physical incarceration remains necessary;

3. Order Respondents to release Petitioner subject to reasonable conditions of supervision or, alternatively, provide Petitioner within seven days with a constitutionally adequate individualized custody hearing before an Immigration Judge;

4. Require at that hearing that DHS bear the applicable burden of establishing by clear and convincing evidence that Petitioner's continued detention is necessary because he presently poses a flight risk that cannot reasonably be mitigated through appropriate conditions of release;

5. Require the decisionmaker to meaningfully consider whether reasonable conditions short of incarceration can adequately address any demonstrated flight risk;

6. Order Petitioner's release if Respondents fail to provide the required hearing within the time prescribed by the Court; and

7. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

KHATRI LAW

By:

Himanshu Khatri, Esq.
Attorney for Petitioner
ANKIT ANKIT